IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | §    16-CR-0257 |
| STARSKY D. BOMER | § |
| | § |

### DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Starsky D. Bomer, by and through undersigned counsel and pursuant to 18 U.S.C. § 3142, hereby files this Motion to Modify Conditions to remove the requirement of electronic monitoring, and in support thereof states as follows:

Mr. Bomer is charged in a four-count superseding indictment with conspiracy to pay and receive health care kickbacks, violation of the Anti-Kickback Statute, and conspiracy to commit health care fraud. Mr. Bomer had his initial appearance on June 20, 2016. [D.E. 8-9]. On June 22, 2016, Mr. Bomer was released on conditions pending trial, including a $100,000 secured bond cosigned by his wife. [D.E. 13-14]. As part of his release, an Order Setting Conditions of Release was entered requiring electronic monitoring, among other conditions. [D.E. 14, sec. t].

At all times since June 22, 2016, Mr. Bomer has faithfully abided by all conditions of his release and all instructions from Pre-Trial Services. In fact, on four occasions Mr. Bomer requested and received permission to travel outside of the district, and Mr. Bomer returned to the district without incident. [D.E. 38-39, 42-43, 44-45 & 50-51]. All four of Mr. Bomer's motions to travel were unopposed by the government, as

was his previous motion to modify bond, which was granted in December 2016. [D.E. 38, 42, 44, 50 & 30-31 (Motion to Modify Bond & Order)]. Undersigned counsel has confirmed Mr. Bomer's full compliance with the conditions of his release and all other instructions with Pre-Trial Services.

In addition, Mr. Bomer has fortified his ties to his community since being released on June 22, 2016. In August 2016, Mr. Bomer jointly purchased a house in Huffman, Texas with his wife, Heidi. Mr. Bomer currently lives in the Huffman residence with his wife and minor stepson, who he is raising as if he were his own child. Through their initial down payment and subsequent mortgage payments, the Bomers have equity in their home.

Furthermore, Mr. Bomer's Pre-Service Report specifically listed his re-enlistment in the Air Force as a "concerning" factor in his risk of flight. Subsequent to his release, Mr. Bomer's status with the U.S. Air Force changed such that he is not at risk of being required to travel pursuant to his service. While Mr. Bomer technically remains "active" in the Air Force Reserves, he is not currently participating in activities and his status is categorized as "No Points, No Pay" pending the outcome of the present matter.

Finally, one of the two "Risks of Non-Appearance" stated in Mr. Bomer's Pre-Sentencing Report was an "active warrant" from North Carolina that appeared on Mr. Bomer's background check. In actuality, Mr. Bomer had already resolved the warrant and the underlying charges with the North Carolina court prior to the time of his arrest in the present matter and, in fact, prior to his re-enlistment in the Air Force. Since his release, Mr. Bomer has presented proof to his Pre-Trial Services officer that the North Carolina charges were dismissed and that no outstanding warrant existed against him.

In light of Mr. Bomer's faithful compliance with the terms of his bond over the past 1.5 years, Mr. Bomer's increased financial ties and enduring familial ties with the community, and the clarification of several determining factors in the initial assessment of Mr. Bomer's conditions of release, Mr. Bomer now requests that this Court modify the terms of his bond to eliminate the requirement that he submit to electronic monitoring. Mr. Bomer has demonstrated to this Court through his actions that he is not a flight risk, and the remaining conditions of release - travel restrictions, surrender of his passport, supervision by Pre-Trial Services, and a $100,000 bond co-signed by his wife – will continue to serve as security to this Court of Mr. Bomer's appearance at trial.

WHEREFORE, Defendant Bomer respectfully requests that this Court Modify Starsky Bomer's Conditions of Release to remove the requirement of electronic monitoring, that this Court schedule a hearing on this Motion, and for all other relief this Court deems fair and just.

December 20, 2017

**OBERHEIDEN & MCMURREY, L.L.P.**

/s/ Blair Brogan_____

Blair Brogan
Texas Bar No. 24100063
blair@federal-lawyer.com
William C. McMurrey
Texas Bar No. 13811100
bill@federal-lawyer.com
**OBERHEIDEN & MCMURREY, L.L.P.**
5728 LBJ Freeway, Suite 250
Dallas, Texas 75240
(310) 873-8140 (Telephone)
(972) 559-3365 (Facsimile)
*Attorneys for Defendant Starsky D. Bomer*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that undersigned firm has made several attempts to confer with AUSA Jason Knutson on behalf of the government and Mr. Knutson has been unavailable and unable to receive voicemails.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2017, a true and correct copy of the above and foregoing instrument was served on all counsel of record through the Court's CM/ECF filing system.

                                               **/s/ Blair Brogan**
                                                  Blair Brogan

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | §   16-CR-0257 |
| STARSKY D. BOMER | § |
| | § |

## ORDER

Defendant Starsky Bomer's Conditions of Release are modified to remove the requirement of electronic location monitoring.

Signed this _____ day of _____, 201___.

_____
Honorable Vanessa D. Gilmore
United States District Judge