UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Criminal No. 16-CR-0257 |
| § | |
| STARSKY D. BOMER, § | |
| § | |
| Defendant. § | |

### UNITED STATES' OBJECTION TO DEFENDANT'S
### PROPOSED TRIAL EXHIBIT 70

The United States files this Objection to Defendant's Proposed Trial Exhibit 70 under Criminal Local Rule ("CrLR") 55.2.

On September 23, 2018, counsel for Dr. Sohail Siddiqui provided the United States with an audio recording of a telephone call between Dr. Siddiqui and the defendant. The recording is approximately one hour and twenty minutes long. During the call, Dr. Siddiqui and the defendant discuss in detail how they were each recently interviewed by Special Agent Jeffrey Hochadel from the United States Department of Health and Human Services ("HHS"), Office of the Inspector General. The United States understands that this interview took place in June 2016. On the recording, the defendant and Dr. Siddiqui spend the majority of the time getting their stories straight and discussing various reasons why they did nothing wrong. The defendant also states on the recording that the interview with Special Agent Hochadel had scared him and that he had hired a criminal defense attorney.[1]   At one point on the recording, Dr. Siddiqui suggests that the

---

[1] The United States first received the audio recording on September 23, 2018, but did not review it in full because it contained discussions of legal advice. Although Dr. Siddiqui waived any attorney-client privilege over those communications when he voluntarily produced the recording, the United States did not know whether the defendant might claim privilege over them. Accordingly, the United States asked a Department of Justice filter attorney, who is a not part of the prosecution team in this case, to review the recording and to determine whether it contained any

defendant and Dr. Siddiqui meet with their attorneys to discuss the case and develop a joint strategy, and the defendant responds that he would need to follow his attorney's advice on that issue. *See* Def. Ex. 71 at 1:09:35 - 1:11:00.

On September 26, 2018, counsel for defendant notified the United States that the defendant intends to offer this audio recording as proposed defense exhibit 70. That same day, the United States informed defense counsel by email that the United States objects to the admission of proposed defense exhibit 70. At the time of this filing, the United States has not heard back from defense counsel. Due to the size of the recording, the United States will provide a disc containing an electronic copy of proposed defense exhibit 70 to the Court by hand delivery today.

**I.  Objection**

The United States objects to the admission of proposed defense exhibit 70 because it contains out-of-court, hearsay statements of the defendant and Dr. Siddiqui that are not subject to cross-examination.

"Hearsay is defined under Rule 801 of the Federal Rules of Evidence, which excludes 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Clock Spring, L.P. v. Wrapmaster, Inc.*, No. CIV.A. H-05-0082, 2007 WL 6867150, at *8 (S.D. Tex. Dec. 19, 2007) (Gilmore, J.) (citing Fed. R. Evid. 801(c)). "Hearsay is generally inadmissible unless it fits within one of the exceptions listed in Fed. R. Evid. 803 and 804." *United States v. Moore*, 748 F.2d 246, 248 (5th Cir. 1984) (citing Fed. R. Evid. 802). Here, the statements on the audio recording in proposed defense exhibit 70 are inadmissible hearsay because no exception applies.

---

privileged communications. Subsequently, the filter attorney reached out to defense counsel and confirmed that the defendant is not claiming privilege over any communications on the recording. On September 26, 2018, the United States reviewed the audio recording in full for the first time immediately after the filter attorney informed the United States that there were no privileged communications on the recording.

Moreover, the statements cannot be introduced under the hearsay exclusion for prior consistent statements. "Under Rule 801, a prior statement of a declarant subject to cross-examination that is consistent with the declarant's testimony at trial is admissible if offered to 'rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.'" *United States v. Wilson*, 355 F.3d 358, 361 (5th Cir. 2003) (quoting Fed. R. Evid. 801(d)(1)(B)). Here, defense counsel may seek to introduce proposed defense exhibit 70 if the defendant were to take the stand in his own defense, on the ground that the United States will attempt to show on cross-examine (or through the testimony of other witnesses) that the defendant's testimony at trial was either recently fabricated or guided by an improper motive to convince the jury of his innocence. Defense counsel may argue that the prior, out-of-court statements on the audio recording in proposed defense exhibit 70 are consistent with defendant's testimony at trial, and thus should be admitted. *See* Fed. R. Evid. 801(d)(1)(B).

The defendant's statements on the audio recording, however, cannot be introduced as prior consistent statements because they were made at a time when the defendant had a motivation to fabricate. As the Fifth Circuit explained in *United States v. Powers*, the United States Supreme Court "has stated that prior consistent statements are only admissible to rebut a charge of fabrication if the statements were made prior to the time that the declarant's motivation to fabricate arose." 168 F.3d 741, 750 (5th Cir. 1999) (citing *Tome v. United States*, 513 U.S. 150, 160 (1995)); *see also United States v. Williams*, 264 F.3d 561 (5th Cir. 2001) (holding that district court erroneously introduced in second trial prior statements of government's cooperating witness in the first trial "because the motive for [the witness] to lie arose prior to his testimony in the first trial") (citing *Tome*, 513 U.S. at 160; *Powers*, 168 F.3d at 750).

*United States v. James*, is instructive. 344 Fed. App'x 382, 384 (9th Cir. 2009). In *James*, the Ninth Circuit affirmed a district court ruling to exclude a defendant's prior statement to a confidential informant as hearsay. *Id.* In that case, the defendant made a statement to a confidential informant after the defendant's home was searched by the United States Fish and Wildlife Service. *Id.* The defendant argued that the statement should have been admissible as a prior consistent statement. *Id.* The Ninth Circuit affirmed the district court's ruling that the statement "was properly excluded because it was made after a 'motive to fabricate' arose." *Id.* (quoting *United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006) (quoting *Tome*, 513 U.S. at 158)).

Here, the defendant also made the statements recorded on proposed defense exhibit 70 after he had a "motive to fabricate." *Tome*, 513 U.S. at 158. The defendant had recently been interviewed by an HHS Special Agent. The defendant stated on the recording that he was scared and had hired a criminal attorney. The defendant also declined at that time to accept Dr. Siddiqui's offer to develop a joint defense strategy. When he made the statements on the recording, the defendant would have understood that his interests may not have aligned completely with the interests of Dr. Siddiqui, who had his own attorney and his own criminal exposure. For these reasons, the defendant and Dr. Siddiqui each had a motivation to fabricate their statements on the recording, by getting their stories straight and professing their mutual innocence in the face of a criminal investigation. Accordingly, the defendant's recorded statements on proposed defense exhibit 70 should not be admitted as prior consistent statements under *Tome*, 513 U.S. at 158, and *Powers*, 168 F.3d at 750.[2]

---

[2] After *Tome* was decided, Rule 801(d)(1)(B)(ii) was added to the Federal Rules of Evidence in 2014. This subsection provides that a prior statement is not hearsay when it is "consistent with the declarant's testimony and is offered . . . (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." As one

In addition, the defendant may not seek to introduce the statements on proposed defense exhibit 70 as an opposing party statement. The Rules of Evidence allow the admission of an opposing party's statement when, in relevant part, the "statement is offered *against an opposing party*," and was either made by the party or "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(A), (E) (emphasis added). This rule does not permit the defendant to admit his own out-of-court statements. *See United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999) (same).

The United States would not, however, object if defense counsel were to use proposed defense exhibit 70 to impeach Dr. Siddiqui on cross-examination, should he to testify for the United States, because the recording contains his statements.

Accordingly, the United States respectfully requests that this Court not admit proposed defense exhibit 70.

---

court recently noted, "Rule 801(d)(1)(B)(ii) is a recent addition to the 2014 Amendments to the Federal Rules of Evidence . . . [and a]lthough the caselaw has not been fully developed, the commentary notes the following:

> The amendment retains the requirement set forth in *Tome v. United States*, 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995): that under Rule 801(d)(1) (B), a consistent statement offered to rebut a charge of recent fabrication of improper influence or motive must have been made before the alleged fabrication or improper inference or motive arose. The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness-such as the charges of inconsistency or faulty memory."

*United States v. Kubini*, No. CRIM. 11-14, 2015 WL 418220, at *9 (W.D. Pa. Feb. 2, 2015). The United States therefore contends that under either subsection of Rule 801(d)(1)(B), the recorded statements of the defendant on proposed defense exhibit 70 are inadmissible as prior consistent statements under the reasoning of *Tome* and *Powers*.

**II.     Conclusion**

The United States respectfully makes the foregoing objection to the defendant Starsky D. Bomer's proposed trial exhibit 70 and requests that this Court exclude the exhibit at trial.

Date:   September 27, 2018

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

By:     *s/ Gerald M. Moody, Jr.*
Jason Knutson
Aleza Remis
Gerald M. Moody, Jr.
Trial Attorney
United States Department of Justice
Fraud Section, Criminal Division
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Gerald.moody@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on September 27, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM-ECF.

By: /s/ Gerald M. Moody, Jr.
Gerald M. Moody, Jr.
