United States District Court
Southern District of Texas

**ENTERED**

October 05, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 4:16-cr-00257** |
| | § | |
| **STARSKY D. BOMER** | § | |
| | § | |
| **Defendant.** | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is

your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial if I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

3

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government

4

the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with

caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

During this trial, you have heard testimony regarding Medicare's civil rules and regulations and opinions regarding ethical standards and standards of care for the operations of partial hospitalization programs ("PHPs").

I caution you that a violation of civil statutes, rules, regulations, ethical standards or standards of care is not a crime. This is not a civil case. The defendant is not on trial for civil violations or even medical malpractice. Even if you find the claims to Medicare were not allowable under the applicable statute, rules and regulations, a defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards and standards of care applicable to his conduct.

However, Medicare's rules and regulations, ethical standards and standards of care may be relevant in determining whether a defendant acted with criminal intent; that is knowingly, willfully and with the intent to defraud Medicare. That is how you may consider this evidence.

You will note that the Superseding Indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Superseding Indictment.

You will note also that the Superseding Indictment charges various dollar amounts, including Medicare claims, as approximate. As with dates, the government does not have to

prove with exact certainty any dollar amount alleged in the Superseding Indictment.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the Superseding Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## SPECIFIC INSTRUCTIONS

### Count One: Conspiracy to Violate the Anti-Kickback Statute (18 U.S.C. § 371 )

Count One of the Superseding Indictment charges that from in or around March 2011 through in or around December 2013, in the Houston Division of the Southern District of Texas, and elsewhere, Defendant Starsky D. Bomer did knowingly and willfully combine, conspire, confederate, and agree with others to commit certain offenses against the United States; that is to violate **Title 42, United States Code, Section 1320a-7b(b)(1)** and **Title 42, United States Code, Section 1320a-7b(b)(2)** .

Defendant Starsky D. Bomer denies these charges.

**Title 42, United States Code, Section 1320a-7b(b)(1)** makes it a crime to knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

**Title 42, United States Code, Section 1320a-7b(b)(2)** makes it a crime to knowingly and willfully offer and pay remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

## SPECIFIC INSTRUCTIONS

### Count One: Conspiracy to Violate the Anti-Kickback Statute (18 U.S.C. § 371 )

Count One of the Superseding Indictment charges that from in or around March 2011 through in or around December 2013, in the Houston Division of the Southern District of Texas, and elsewhere, Defendant Starsky D. Bomer did knowingly and willfully combine, conspire, confederate, and agree with others to commit certain offenses against the United States; that is to violate **Title 42, United States Code, Section 1320a-7b(b)(1)** and **Title 42, United States Code, Section 1320a-7b(b)(2)** .

Defendant Starsky D. Bomer denies these charges.

**Title 42, United States Code, Section 1320a-7b(b)(1)** makes it a crime to knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for an recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

**Title 42, United States Code, Section 1320a-7b(b)(2)** makes it a crime to knowingly and willfully offer and pay remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for an recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

8

**Title 18, United States Code, Section 371** makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendant is charged with conspiring to violate the Anti-Kickback Statute.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crimes of soliciting, receiving, offering or paying money, either in return for referring a patient or inducing a person to refer a patient for an item or service covered in whole or in part by Medicare, as charged in the Superseding Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

9

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that the defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the

law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct violates.

Good faith is an absolute defense to the charges in this case. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

## COUNTS TWO AND THREE – VIOLATIONS OF THE ANTI-KICKBACK STATUTE – 42 U.S.C. § 1320a-7b(b)

Counts Two and Three charge that on or about the dates enumerated below, in Harris County, in the Southern District of Texas, and elsewhere, the defendant Starsky D. Bomer, aiding and abetting others known and unknown, did knowingly and willfully offer, pay, solicit, and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole or in part by a federal health care program, that is Medicare, as set forth below:

| Count | Defendant | On or about Date | Approximate Amount of Kickback |
|-------|-----------|------------------|-------------------------------|
| 2 | STARSKY D. BOMER paid CC-2 | November 2, 2012 | $1,620 |
| 3 | STARSKY D. BOMER paid CC-2 | November 8, 2012 | $1,500 |

**Title 42, United States Code, Section 1320a-7b(b)(1)** makes it a crime to knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

**Title 42, United States Code, Section 1320a-7b(b)(2)** makes it a crime to knowingly and willfully offer and pay remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

For you to find the defendant guilty of soliciting, receiving, offering, or paying kickbacks as charged in the Superseding Indictment, you must be convinced that the United States has proved each of the following beyond a reasonable doubt.

| Count | Defendant | On or about Date | Approximate Amount of Kickback |
|-------|-----------|------------------|-------------------------------|
| 2 | **STARSKY D. BOMER** paid Geraldine Caroline | November 2, 2012 | $1,620 |
| 3 | **STARSKY D. BOMER** paid Geraldine Caroline | November 8, 2012 | $1,500 |

**Title 42, United States Code, Section 1320a-7b(b)(1)** makes it a crime to knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

**Title 42, United States Code, Section 1320a-7b(b)(2)** makes it a crime to knowingly and willfully offer and pay remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare, and for the purchasing, leasing, ordering, and arranging for or recommending the purchasing, leasing, and ordering of any good, item and service, for which payment may be made in whole or in part by a federal health care program, that is, Medicare.

For you to find the defendant guilty of soliciting, receiving, offering, or paying kickbacks as charged in the Superseding Indictment, you must be convinced that the United States has proved each of the following beyond a reasonable doubt.

12

*First*, that the defendant under consideration solicited, received, offered or paid money, as detailed in Counts Two and Three of the Superseding Indictment;

*Second*, that the money the defendant either solicited, received, offered or paid was either (a) in return for referring a patient to another person who furnished or arranged for the furnishing of an item or service; (b) to induce another person to refer a patient to a person for the furnishing or arranging for the furnishing of an item or service; or (c) to induce another person to purchase, order, or arrange, or recommend purchasing or ordering any item or service;

*Third*, that the item or service was one for which payment may be made in whole or in part under Medicare; and

*Fourth*, that the defendant acted knowingly and willfully.

The word "offer" is defined as a representation expressing the ability and desire to pay a remuneration coupled with the intent to induce a desired action.

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant guilty of the conspiracy to violate the Anti-Kickback Statute charged in Count One, and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another conspirator committed the offenses in Counts Two and Three in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two and Three, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Two and Three.

Counts Two and Three of the Superseding Indictment further allege that the defendant

13

aided and abetted others known and unknown in connection with the offering, payment, solicitation, and receipt of remuneration for the referral of payments for the furnishing of items or services for which payment was made under Medicare, in violation of Title 18, United States Code, Section 2.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before a defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its

commission with the intent to violate the law.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

> *First*:  That the offense of payment and receipt of healthcare kickbacks was committed by some person;

> *Second*: That the defendant associated with the criminal venture;

> *Third*:  That the defendant purposefully participated in the criminal venture; and

> *Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that a defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that a defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## COUNT FOUR – CONSPIRACY TO COMMIT HEALTH CARE FRAUD – 18 U.S.C. § 1349

Count Four of the Superseding Indictment charges that from in or around March 2011 through in or around December 2013, in the Houston Division of the Southern District of Texas, and elsewhere, Defendant Starsky D. Bomer did knowingly and willfully combine, conspire, confederate, and agree with others to execute a scheme and artifice to defraud Medicare by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare in connection with the delivery of and payment for healthcare benefits, items, and services.

**Title 18, United States Code, Section 1349** makes it a crime for anyone to conspire with someone else to do something which, if carried out, would be a violation of Title 18, United

States Code, Section 1347.

**Title 18, United States Code, Section 1347** makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice, (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons made an agreement to commit the crime of health care fraud as charged in the Superseding Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service, for which payment may be made under the plan or contract."

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

The word "knowingly," as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is with the bad purpose to disobey or disregard the law.

While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct violates.

The Government does not have to prove that the Defendant had actual knowledge of or specific intent to violate the applicable healthcare fraud statute.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient for the defendant to be found guilty of conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of

the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Four.

Count Four accuses the defendant of committing a conspiracy to commit healthcare fraud in two different ways.

The first is that the defendant executed or attempted to execute a scheme to defraud a health care benefit program. The second is that the defendant executed or attempted to execute a scheme to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, a health care benefit program.

The Government does not have to prove both of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the Government proved beyond a reasonable doubt that the defendant executed or attempted to execute a scheme to defraud a health care benefit program; or, all of you must agree that the Government proved beyond a reasonable doubt that the defendant executed or attempted to

18

execute a scheme to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, a health care benefit program.

If all of you find beyond a reasonable doubt that healthcare fraud was committed in *both* ways, that also fulfills the unanimity requirement.

## **VERDICT**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Superseding Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court,

how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** this _____ day of October, 2018.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**